IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RUMSEY J. PEETE
a/k/a/ Rumsy J. Peete                                                                              PETITIONER

VS.                                                           CIVIL ACTION NO. 3:13cv827-DPJ-FKB

WARDEN N. MARTIN                                                                               RESPONDENT

## REPORT AND RECOMMENDATION

This cause is before the Court on the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Rumsey J. Peete, a federal prisoner. Having considered the petition, response, and reply, the undersigned recommends that habeas relief be denied.

Peete is a federal inmate serving a 70-month sentence for felon-in-possession imposed on September 24, 2010, by the United States District Court for the Western District of Tennessee. He is incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. Peete's projected release date, via good conduct time release, is March 10, 2016. In his petition, Peete challenges the computation of his sentence by the Bureau of Prisons (BOP). Specifically, he claims that the BOP has wrongfully failed to credit him with the period of time from November 19, 2008, to September 30, 2010, during which he was in federal custody on a writ of habeas corpus ad prosequendum issued by the Tennessee federal court.

The relevant facts are as follows. In July of 2007, Peete was sentenced in Tennessee state court to an eight-year term and a one-year term, the latter to run consecutively to the former. In August of 2007, he was sentenced in state court to a

three-year term, to run consecutively to the prior two sentences.  He was placed in a community correctional facility.  In 2008, while in community corrections placement, Peete was charged in federal court in Tennessee with the federal crime of felon in possession of a firearm, and his community corrections placement was revoked by the state.  On November 19, 2008, Peete was transferred to federal custody, via a writ of habeas corpus ad prosequendum issued by the Tennessee federal court, for the purpose of being prosecuted on the federal charge.  Peete was sentenced on the federal charge on September 24, 2010, to a term of 70 months, the sentence to run consecutive to his state sentence.  Six days later, on September 30, 2010, Peete was returned to exclusive state custody.  On February 9, 2012, Peete was paroled from state custody, and on February 11, 2012, he was transferred to exclusive federal custody to serve his federal sentence.

It is the approximately 22-month period during which Peete was in federal custody pursuant to the writ that is the apparent subject of his petition.[1]  Peete claims that the BOP has wrongfully failed to credit this time against his federal sentence.  He states that the apparent reason for the BOP's failure is the BOP's incorrect assumption that this time was credited against his state sentence.

In response to the petition, Respondent has submitted the declaration of Kellen Goulet, a programs specialist at the BOP's Designation and Sentence Computation Center, along with records from Peete's BOP file.  These documents indicate that Peete's state sentence continued to run during the 22-month period at issue and that he received

---

[1]The relief requested by Peete is actually for 31 months of credit.  It is unclear how he arrived at this figure.

2

time-served credit on his state sentence for this period.  Pursuant to 18 U.S.C. § 3585(b), time credited against his state sentence cannot also be credited against his federal sentence.  Furthermore, BOP Program Statement 5880.28 explains that "[t]ime spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time.  The primary reason for 'writ' custody is not the federal charge.  The federal court merely 'borrows' the prisoner under the provisions of the writ for secondary custody."  BOP Program Statement 5880.28, p. 1-20B.

      Faced with Respondent's evidence establishing that this time was credited toward his state sentence, Peete has altered somewhat his argument in his reply.  He now claims that, notwithstanding the credit of this time by the state, he is entitled to federal credit because he was under "official detention" within the meaning of 18 U.S.C. § 3585(b) during the 22-month period.  This statute, however, as previously explained, precludes credit for time that has been credited toward another sentence.  Peete also argues that he should be given credit for the time because in the absence of the writ, he would have been released on parole by the state.  He has offered nothing to substantiate this assertion, however, and it is contradicted by the materials submitted by Respondent.  These arguments do not establish Peete's entitlement to relief.[2]

---

[2] Peete also suggests in his filings that he is entitled to *Willis* credit.  BOP Program Statement 5880.28 provides that when a period of time spent in presentence state custody after the commission of the federal offense has been credited against the state sentence, that period will also be credited to a concurrent federal sentence if the application of the credit on the state sentence was of no

3

Peete has failed to show that he is being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Therefore, the undersigned recommends that relief be denied and that Peete's petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 7th day of May, 2014.

                          /s/ F. Keith Ball
                          _____
                          UNITED STATES MAGISTRATE JUDGE

---

benefit to the inmate. *See Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). *Willis* credit is inapplicable in the present case, as Peete's federal sentence is running consecutive to his state sentence.